

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2005

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4549

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4549
_____

XINWANG YANG,

Petitioner

v.

*ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

(*Amended Pursuant to F.R.A.P. 43(c) )

_____

On Appeal from an Order entered before
The Board of Immigration Appeals
(No. A 72-993-689)

_____

Submitted Under Third Circuit LAR 34.1(a)
February 15, 2005

Before: SLOVITER,  AMBRO and ALDISERT, Circuit Judges

(Filed March 4, 2005)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Xinwang Yang, a native and citizen of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA's decision affirmed an immigration judge's ("IJ") denial of Yang's application for asylum and withholding of removal.[1] Because Yang was placed in deportation proceedings before April 1, 1997,[2] and the BIA issued the final order of deportation after October 30, 1996, our jurisdiction arises under 8 U.S.C. § 1105a, as amended by the transitional rules for judicial review in § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 (Sept. 30, 1996).

Yang raises two issues for review: (1) whether substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding against him; and (2) whether he may present a claim of ineffective assistance of counsel without complying with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Because we write exclusively for the benefit of the parties who are well acquainted with the facts and

---

[1]Yang also applied for relief under the Convention Against Torture (United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231)). However, he has not raised before us the denial of relief under the Convention Against Torture.

[2]Yang was placed in deportation proceedings on April 25, 1995, when an Order to Show Cause was issued against him charging his deportability.

procedural posture of this case, we recount only those matters relevant to the issues before us.

Section 208(b) of the INA, 8 U.S.C. § 1158(b), confers on the Attorney General the discretion to grant asylum to an alien who is a "refugee." An individual qualifies as a refugee if he or she is "unable or unwilling" to return to his or her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

An applicant bears the burden of proving eligibility for asylum based on specific facts and credible testimony. 8 C.F.R. § 208.13(a); *Abdille v. Ashcroft*, 242 F.3d 477, 482 (3d Cir. 2001). In order to demonstrate a well-founded fear of persecution, an applicant must satisfy three requirements: (1) he or she has a fear of persecution in his or her native country; (2) there is a reasonable possibility that he or she will be persecuted upon return to that country; and (3) the applicant is unwilling to return to that country as a result of his or her fear. 8 C.F.R. § 208.13(b)(2)(i). An alien who establishes past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1).

The eligibility threshold for withholding of removal is higher than for asylum. The Attorney General must determine that repatriation would jeopardize the alien's life or freedom on account of one of the protected grounds. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The applicant must therefore demonstrate a clear probability of

3

persecution. *Senathirajah v. INS*, 157 F.3d 210, 215 (3d Cir. 1998). Given this higher standard, an applicant who does not qualify for asylum also will not qualify for withholding of removal.

We uphold factual findings in an immigration matter if they are "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We reverse a determination of the BIA/IJ if "the evidence not only supports [a contrary] conclusion, but compels it." *Id.* at 481 n.1 (emphasis omitted). Adverse credibility determinations are reviewed as well for substantial evidence, *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998), and we will uphold those findings unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Yang's first claim is that there was not substantial evidence to support the BIA's affirmance of the IJ's finding of adverse credibility. Yang was denied asylum and withholding of removal based on the IJ's conclusion that he did not present credible evidence to establish a well-founded fear of persecution. The IJ based his adverse credibility finding on several factors: factual inconsistencies among the asylum applications, differences between Yang's testimony and the applications, Yang's admission of lying in court, and his admission of obtaining fraudulent documents.

Yang submitted four asylum applications over the course of six years. The first

three applications differed substantially from the fourth in that they said his wife was sterilized in March of 1995 and that she and Yang did not have a second child. In his fourth application, Yang stated that his second child was born in October of 1995 and his wife was sterilized one month later. The dates of his marriage[3] and his daughter's birthday also varied among the applications. Yang's explanation of these inconsistencies is that the mistakes were made during his brief initial phone call with his lawyer and that, when he discovered them, his lawyer told him the mistakes could not be changed.

In an affidavit accompanying Yang's fourth application, he said that he saw family planning officials when they visited his house. Initially in his testimony, he claimed that he did not see the officials. When presented with the affidavit, Yang maintained that he did not see the officials. However, at the end of his testimony, Yang admitted that he did see the officials on one of the several occasions they visited his house.

During a hearing in April 2000, Yang testified that he read the applications before he signed them and that all of the information was true, when in fact he knew it was not. Before the IJ, Yang admitted that he lied during his testimony but claimed that his lawyer coached him to lie and stick to the false application.

Yang also admitted to the IJ that he obtained fraudulent documents to support his application but never used them. He explained this by saying he needed dates changed on

---

[3]The IJ noted that Yang's applications and testimony also contradict a statement Yang made to an immigration officer when apprehended in 1995 that he was single.

his documents to reflect the incorrect dates in the applications.

The IJ was not persuaded by Yang's explanations of the inconsistencies among his asylum applications. The implausibility of Yang's testimony and his admission of lying and obtaining fraudulent documents weighed heavily in the IJ's decision that Yang was not credible. The IJ also found that the documents Yang submitted were likely not genuine for the same reasons that led him to find that Yang was not credible (and, in addition, the documents were not certified). Put simply, substantial evidence supports the adverse credibility finding against Yang.

Yang's second claim is that he should have been allowed to present a claim of ineffective assistance of counsel without complying with the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Under *Lozada*, an alien must provide the following three items before s/he may bring a claim for ineffective assistance of counsel: (1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel on the actions that would be taken and the representations to the alien with regard to those actions; (2) evidence that counsel was informed of the allegations of ineffective assistance and allowed an opportunity to respond; and (3) if a violation of "ethical or legal responsibilities" is claimed, an indication that a complaint has been lodged with the appropriate disciplinary authorities, or an explanation for why a complaint has not been filed. *Lozada*, 19 I. & N. Dec. at 639. In *Lu v. Ashcroft*, we found these three requirements to be a reasonable exercise of the Board's discretion. 259 F.3d 127, 132 (3d

6

Cir. 2001).

Yang concedes that he has not complied with any of *Lozada's* three requirements. Furthermore, he cites no precedent to support excusing him from complying. In this context, the only plausible action we can take is to reject Yang's argument.

\* \* \* \* \*

Because substantial evidence supports the Board's affirmance of the IJ's finding of adverse credibility and because Yang did not comply with *Lozada*, we deny his petition for review.